Exhibit 1

19TRCV00949

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Deirdre Hill

Electronically FILED by Superior Court of California, County of Los Angeles on 10/23/2019 11:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes, Deputy Clerk

A. Jay Norton, Esq.
Law Offices of A. Jay Norton
4010 Watson Plaza Drive, #270
Lakewood, CA 90712
(562) 420-3243   Fax No.: (562) 420-8276
(714) 777-1228   E-mail: ajaynorton@yahoo.com

Attorneys for Plaintiff, Lonnie R. Johnson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LONNIE R. JOHNSON,<br><br>         Plaintiff,<br><br>vs.<br><br>PUBLISHERS CLEARING HOUSE, LLC,<br>PUBLISHERS CLEARING HOUSE, INC.,<br>PUBLISHERS CLEARING HOUSE (PCH),<br>AND DOES 1-100,<br><br>         Defendants. | CASE NO.: 19TRCV00949<br><br>COMPLAINT FOR DAMAGES<br><br>1. Negligence - Information<br>2. Negligence - Warnings<br>3. Negligence - Verification<br><br>(Demand for Jury Trial) |

Comes now the plaintiff, LONNIE JOHNSON, and alleges, against defendants and each of them as follows:

### COMMON ALLEGATIONS

1. At all times herein mentioned the events from which this cause of action arises occurred in the City of Gardena, California.

2. Specifically, the "scam" hereinafter mentioned was perpetrated upon the plaintiff by contacts on his cell phone in the City of Gardena, County of Los Angeles at 713 W. Rosecrans Avenue, Gardena, CA 90247-2758.

3. Via an elaborate scheme conducted by unknown entities, Lonnie R. Johnson was told in 2017 that he had won the "Publishers Clearing House" grand prize of Five Million Dollars, which had been deposited to a Bank of America

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 5

1 | account in his name. However, to collect the money the "taxes" on the winnings
2 | had to be paid in advance.

3. 4. In response to the "scheme", Lonnie R. Johnson paid $ 95,000 to the "scammers" between 10/28/17 and 12/15/2017.

5. The entire "You have Won the Sweepstakes" scheme was an elaborate fraud.

6. Plaintiff, Lonnie R. Johnson, did not ascertain that he had been "scammed" until early 2018.

### FIRST CAUSE OF ACTION - NEGLIGENCE
(Against all Defendants)

7. Plaintiff incorporates by reference, the common allegations, paragraphs 1-6, as though set forth at length herein.

8. Defendants, PUBLISHERS CLEARING HOUSE, LLC, PUBLISHERS CLEARING HOUSE, INC. AND PUBLISHERS CLEARING HOUSE (PCH), and Does 1-10 (hereinafter referred to collectively as "PCH" are subject to the jurisdiction of this court by way of residence or business activities within the State of California. Specifically, the "PCH" entities market both my mail, media, and on-line activities various contests, products, and "games". The most famous of which is the "Publishers Clearing House Sweepstakes, including its "Prize Patrol" commercials shown on various media sites. "You can be our grand prize winner and receive $5,000 per week" for life to be announced on _____ date".

9. Plaintiff is currently ignorant as to the identities of those defendants sued herein as DOES 1-100, and therefore sues them by such fictitious designation. When, and if, the plaintiff becomes aware of their true identity, he/she will amend this complaint pursuant to §474, Code of Civil Procedure.

10. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants named herein was the agent, servant, employee, joint venturer, partner, and/or co-conspirator with the remaining defendants; and that all acts

-2-

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 6

1 complained of herein were done in the course and scope of such agency, servitude,
2 employment, joint venture, and/or conspiracy.

3   11. As to any act taken on behalf of a corporation, plaintiff alleges that such
4 act was taken by an officer, director, and/or manager of the corporation and that
5 such acts were either fully authorized by the corporation or were ratified by the
6 corporation thereafter with fully knowledge of the operative facts.

7   12. Plaintiff is informed and believes that the "scammers' who contacted
8 him obtained his personal information from the "PCH" defendants and DOES 1-10.

9   13. Plaintiff alleges that the "PCH" defendants and DOES 1-10, were
10 negligent in manner in which they stored and our disseminated the personal
11 information that it had collected from persons, such as plaintiff, Lonnie R. Johnson,
12 who had entered their various contests and/or purchased products on-line.

13   14. Plaintiff alleges that, but for, the negligence of the defendants as set
14 forth above, the "scammers" would not have been able to either contact or
15 deceive him.

16   15. As a result of the defendants negligence, plaintiff has suffered economic
17 damages in the amount of Ninety-Five Thousand Dollars ($95,000).

18   16. As a result of the negligence and the injury suffered, the plaintiff has
19 suffered non-economic damages for "emotional distress" in amounts sufficient to
20 invoke the unlimited jurisdiction of this court.

21                    SECOND CAUSE OF ACTION - NEGLIGENCE
22                              (As to All Defendants)

23   17. Plaintiff incorporates by reference paragraphs 1-16 of this complaint
24 as though set forth at length herein.

25   18. Plaintiff is informed and believes and herein alleges that the defendants,
26 ("PCH") and DOES 1-10, were aware for years prior to 2017, that "scams"
27 were being perpetrated by sophisticated criminal enterprises under the guise that
28 the victim had "won" a prize from the Publishers Clearing House Sweepstakes.

19. Plaintiff is informed and believes and herein alleges that the defendants, "PCH" and Does 1-10 were negligent in failing to provide "entrants", such as plaintiff herein, and the public in general "warnings" of the multitude of frauds being perpetrated under the Publishers Clearing House name, including, but not limited to, the warning that a "winner" would "NEVER HAVE TO PAY MONEY TO THE IRS OR ANYONE ELSE IN ADVANCE TO RECEIVE THE PRIZE".

20 Defendants acknowledge a duty to its entrants and the public in general by way of "some" warnings contained in its mailings and on its website(s). However, the manner and nature of the warning is woefully inadequate, when compared to the sophisticated "scams" being perpetrated using its icons, images, and marketing techniques.

21. As a result of this negligence, plaintiff has suffered damages as set forth in paragraphs 15 and 16 above.

## THIRD CAUSE OF ACTION - NEGLIGENCE
### (As to All Defendants)

22. Plaintiff incorporates by reference paragraphs 1-21 of this complaint as though set forth at length herein.

23. Plaintiff alleges that the defendants, and each of them, were negligent in failing to provided the plaintiff (and any member of the public) with a known manner of contacting "PCH" to confirm or verify the fact that he had, in fact, actually won a prize from "PCH".

24. As a result of this negligence, plaintiff has suffered damages as set forth in paragraphs 15 and 16.

## DEMAND FOR JURY TRIAL

25. Plaintiff does hereby demand a jury trial.

Wherefore, plaintiff requests judgment against defendants, and each of them, as follows:

1. Costs of suit herein.

-4-

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 8

2. Economic damages according to proof.

3. Non-economic damages according to proof.

4. Attorney fees, if allowed by statute or common law.

5. Such other and further relief as may be available in law or equity.

Dated: October 17, 2019        LAW OFFICES OF A. JAY NORTON

By: A. Jay Norton

-5-

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 9